**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

NEARBY SYSTEMS LLC,

Plaintiff,

v.

ADIDAS INTERNATIONAL B.V., and
ADIDAS AMERICA, INC.,

Defendants.

Civil Action No. 2:26-cv-00902

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nearby Systems LLC ("Nearby Systems" or "Plaintiff") files this complaint against Adidas International B.V., and Adidas America, Inc. (collectively, the "Adidas Defendants") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Adidas Defendants' infringement of the following United States Patents (the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"), copies of which are attached hereto as **Exhibit A**, **Exhibit B**, **Exhibit C**, and **Exhibit D**:

| | U.S. Patent No. | Title |
|---|---|---|
| A. | 9,532,164 | Mashing Mapping Content Displayed On Mobile Devices |
| B. | 10,469,980 | Mashing Mapping Content Displayed On Mobile Devices |
| C. | 11,937,145 | Mashing Mapping Content Displayed On Mobile Devices |
| D. | 12,185,177 | Mashing Mapping Content Displayed On Mobile Devices |

2. Nearby Systems seeks injunctive relief and monetary damages.

## PARTIES

3. Plaintiff is a limited liability company formed under the laws of Texas with its registered office address located in Austin, Texas.

4. Adidas International B.V. ("Adidas International") is a corporation organized and existing under the laws of the Netherlands.

5. Adidas International has its principal executive offices and headquarters located at Atlas Arena, Afrika Building, Hoogoorddreef 9-A, 1101 BA Amsterdam Zuidoost, Netherlands.

6. Adidas International can be served at Atlas Arena, Afrika Building, Hoogoorddreef 9-A, 1101 BA Amsterdam Zuidoost, Netherlands.

7. Adidas America, Inc. ("Adidas America") is a corporation organized under the laws of Oregon.

8. Adidas America has its principal executive offices and headquarters located at 5055 N. Greeley Ave., Portland, OR 97217.

9. Adidas America can be served through its registered agent, United Agent Group Inc., located at 7185 SW Sandburg St., Ste. 110, Portland, Oregon 97223.

## JURISDICTION AND VENUE

10. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

11. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

12. Adidas Defendants are subject to this Court's specific and general personal jurisdiction under due process because of Adidas Defendants' substantial business in this judicial district,

including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

13. Specifically, Adidas Defendants intend to do and do business in, have committed acts of infringement in, and continue to commit acts of infringement in this District directly, and offer their services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

14. Adidas Defendants maintain a regular and established place of business in this District[1], including but not limited to: 820 West Stacy Road, Suite 200, Allen, TX 75013 (Adidas Outlet Store, Allen Premium Outlets), and 7700 Windrose Ave., Suite G180, Plano, TX 75024 (Adidas Store, Legacy West).

15. Adidas Defendants commit acts of infringement in this District, including, but not limited to, use of the Accused Products identified below.

16. Therefore, venue is proper against Adidas Defendants in this District pursuant to 28 U.S.C. § 1400(b) because they have established and maintained a regular place of business in this District and have committed acts of patent infringement in this District.

17. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Adidas International does not reside in any judicial district in the United States.

**THE ACCUSED PRODUCTS**

18. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

[1] Texas locations available at: https://www.adidas.com/us/store.

19. Based upon public information, Adidas Defendants own, operate, advertise, and/or control the website https://adidas.com/us through which they advertise, sell, offer to sell, provide and/or educate customers about their products and services that provide infringing systems including without limitation the "Adidas App."

20. The "Adidas App" is made available by Adidas Defendants for download through the App Store and the Google Play Store. *See* **Exhibit E** and **Exhibit F**.

21. Adidas Defendants use, cause to be used, sell, offer for sale, provide, supply, or distribute one or more mobile device applications, including in particular the Adidas App, that are designed to allow Adidas Defendants' customers to locate stores and/or manage their accounts after locating and ordering from the closest Adidas Defendants location (the "Accused Products"). *See* **Exhibit G** (Webpage: Adidas App), **Exhibit H** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 9,532,164), **Exhibit I** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 10,469,980), **Exhibit J** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 11,937,145), and **Exhibit K** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 12,185,177).

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,532,164**

22. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

23. The USPTO duly issued U.S. Patent No. 9,532,164 (the "'164 patent") on December 27, 2016, after full and fair examination of Application No. 13/987,520, which was filed August 3, 2013, and was a continuation-in-part of application No. 11/974,258. A true and correct copy of the '164 patent is attached as Exhibit A.

24. The claims of the ’164 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of mapping systems by, for example, combining mappable data from disparate sources onto a digital map in a mapping application and may include a second set of mappable content, found outside the mapping application, that may be transmitted to the mapping application for mapping in conjunction with any of the existing (*i.e.*, previously-displayed) mapping content.

25. The written description of the ’164 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

26. Nearby Systems owns all substantial rights, interest, and title in and to the ’164 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

27. Nearby Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’164 patent.

28. Adidas Defendants have directly infringed and continue to directly infringe one or more claims of the ’164 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

29. Adidas Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’164 patent, as detailed in Exhibit H (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 9,532,164).

30. For example, as detailed in Exhibit H, the Accused Products (including the Adidas App) provide a system and method for displaying map information on a mobile device (such as a smartphone or internet-enabled tablet) to obtain the data to display text and maps that present information to allow a mobile device user to identify and navigate to locations offering Adidas Defendants’ products.

31. Since at least the time of receiving the original complaint in this action, Adidas Defendants have also indirectly infringed and continue to indirectly infringe the ’164 patent by inducing others to directly infringe its claims. Adidas Defendants have induced and continue to induce customers and end-users, including, but not limited to, Adidas Defendants’ customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’164 patent by providing use of the Accused Products. Adidas Defendants have taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the ’164 patent, including, for example, claim 1. Such steps by Adidas Defendants include, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Adidas Defendants are performing these steps, which constitute induced infringement with the knowledge of the ’164 patent and with the knowledge that the induced acts constitute infringement. Adidas Defendants are aware that the normal and customary

use of the Accused Products by others would infringe the ’164 patent. Adidas Defendants’ inducement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

32. Adidas Defendants have also indirectly infringed and continue to indirectly infringe by contributing to the infringement of the ’164 patent. Adidas Defendants have contributed and continue to contribute to the direct infringement of the ’164 patent by their customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’164 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the ’164 patent and are not staple articles of commerce suitable for substantial non-infringing use. Adidas Defendants’ contributory infringement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

33. Adidas Defendants have knowledge of the ’164 patent at least as of the date when they were notified of the filing of this action.

34. Furthermore, on information and belief, Adidas Defendants have a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind of Nearby Systems’ patent rights.

35. Adidas Defendants’ actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Adidas Defendants.

36. Adidas Defendants’ infringement of the ’164 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Nearby Systems’ rights under the patent.

37. Nearby Systems has been damaged as a result of the infringing conduct by Adidas Defendants alleged above. Thus, Adidas Defendants are liable to Nearby Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38. Nearby Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Nearby Systems has and will continue to suffer this harm by virtue of Adidas Defendants' infringement of the '164 patent. Adidas Defendants' actions have interfered with and will interfere with Nearby Systems' ability to license technology. The balance of hardships favors Nearby Systems' ability to commercialize its own ideas and technology. The public interest in allowing Nearby Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,469,980**

39. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

40. The USPTO duly issued U.S. Patent No. 10,469,980 (the "'980 patent") on November 5, 2019, after full and fair examination of Application No. 15/346,599, which was filed November 8, 2016, and was a continuation of Application No. 13/987,520 (which ripened into the '164 patent). A true and correct copy of the '980 patent is attached as Exhibit B.

41. The claims of the '980 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of mapping systems by, for example, combining mappable data from disparate sources onto a digital map in a mapping application and may include a second set of mappable content, found outside the mapping

application, that may be transmitted to the mapping application for mapping in conjunction with any of the existing (*i.e.*, previously-displayed) mapping content.

42. The written description of the ’980 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

43. Nearby Systems owns all substantial rights, interest, and title in and to the ’980 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

44. Nearby Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’980 patent.

45. Adidas Defendants have directly infringed and continue to directly infringe one or more claims of the ’980 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

46. Adidas Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’980 patent, as detailed in Exhibit I (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 10,469,980).

47. For example, as detailed in Exhibit I, the Accused Products (including the Adidas App) provide Adidas Defendants’ customers a system and method for displaying map information on a mobile device (such as a smartphone or internet-enabled tablet) to obtain the data to display text

and maps that present information to allow the mobile device user to identify and navigate to locations offering Adidas Defendants' products.

48. Since at least the time of receiving the original complaint in this action, Adidas Defendants have also indirectly infringed and continue to indirectly infringe the '980 patent by inducing others to directly infringe its claims. Adidas Defendants have induced and continue to induce customers and end-users, including, but not limited to, Adidas Defendants' customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '980 patent by providing or requiring use of the Accused Products. Adidas Defendants have taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '980 patent, including, for example, claim 1. Such steps by Adidas Defendants include, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Adidas Defendants are performing these steps, which constitute induced infringement with the knowledge of the '980 patent and with the knowledge that the induced acts constitute infringement. Adidas Defendants are aware that the normal and customary use of the Accused Products by others would infringe the '980 patent. Adidas Defendants' inducement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

49. Adidas Defendants have also indirectly infringed and continue to indirectly infringe by contributing to the infringement of the '980 patent. Adidas Defendants have contributed and continue to contribute to the direct infringement of the '980 patent by their customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used

in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’980 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the ’980 patent and are not staple articles of commerce suitable for substantial non-infringing use. Adidas Defendants’ contributory infringement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

50. Adidas Defendants have had knowledge of the ’980 patent at least as of the date when they were notified of the filing of this action.

51. Furthermore, on information and belief, Adidas Defendants have a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind of Nearby Systems’ patent rights.

52. Adidas Defendants’ actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Adidas Defendants.

53. Adidas Defendants’ infringement of the ’980 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Nearby Systems’ rights under the patent.

54. Nearby Systems has been damaged as a result of the infringing conduct by Adidas Defendants alleged above. Thus, Adidas Defendants are liable to Nearby Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

55. Nearby Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Nearby Systems has and will continue to suffer this harm by virtue of Adidas Defendants’ infringement of the ’980 patent. Adidas

Defendants' actions have interfered with and will interfere with Nearby Systems' ability to license technology. The balance of hardships favors Nearby Systems' ability to commercialize its own ideas and technology. The public interest in allowing Nearby Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,937,145**

56. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

57. The USPTO duly issued U.S. Patent No. 11,937,145 (the "'145 patent") on March 19, 2024 after full and fair examination of Application No. 16/570,298 which was filed September 13, 2019 and was a continuation of Application No. 13/987,520 (which ripened into the '164 patent). A true and correct copy of the '145 patent is attached as Exhibit C.

58. The claims of the '145 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of mapping systems by, for example, combining mappable data from disparate sources onto a digital map in a mapping application and may include a second set of mappable content, found outside the mapping application, that may be transmitted to the mapping application for mapping in conjunction with any of the existing (*i.e.*, previously-displayed) mapping content.

59. The written description of the '145 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

60. Nearby Systems owns all substantial rights, interest, and title in and to the ’145 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

61. Nearby Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’145 patent.

62. Adidas Defendants have directly infringed and continue to directly infringe one or more claims of the ’145 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

63. Adidas Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’145 patent, as detailed in Exhibit J (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 11,937,145).

64. For example, as detailed in Exhibit J, the Accused Products (including the Adidas App) provide Adidas Defendants’ customers a system and method for displaying map information on a mobile device (such as a smartphone or internet-enabled tablet) to obtain the data to display text and maps that present information to allow the mobile device user to identify and navigate to locations offering Adidas Defendants’ products.

65. Since at least the time of receiving the original complaint in this action, Adidas Defendants have also indirectly infringed and continue to indirectly infringe the ’145 patent by inducing others to directly infringe its claims. Adidas Defendants have induced and continue to induce customers and end-users, including, but not limited to, Adidas Defendants’ customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’145 patent by providing or requiring use of the Accused Products. Adidas

Defendants have taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '145 patent, including, for example, claim 1. Such steps by Adidas Defendants include, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Adidas Defendants are performing these steps, which constitute induced infringement with the knowledge of the '145 patent and with the knowledge that the induced acts constitute infringement. Adidas Defendants are aware that the normal and customary use of the Accused Products by others would infringe the '145 patent. Adidas Defendants' inducement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

66. Adidas Defendants have also indirectly infringed and continue to indirectly infringe by contributing to the infringement of the '145 patent. Adidas Defendants have contributed and continue to contribute to the direct infringement of the '145 patent by their customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '145 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '145 patent and are not staple articles of commerce suitable for substantial non-infringing use. Adidas Defendants' contributory infringement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

67. Adidas Defendants have had knowledge of the '145 patent at least as of the date when they were notified of the filing of this action.

68. Furthermore, on information and belief, Adidas Defendants have a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind of Nearby Systems' patent rights.

69. Adidas Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Adidas Defendants.

70. Adidas Defendants' infringement of the '145 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Nearby Systems' rights under the patent.

71. Nearby Systems has been damaged as a result of the infringing conduct by Adidas Defendants alleged above. Thus, Adidas Defendants are liable to Nearby Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

72. Nearby Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Nearby Systems has and will continue to suffer this harm by virtue of Adidas Defendants' infringement of the '145 patent. Adidas Defendants' actions have interfered with and will interfere with Nearby Systems' ability to license technology. The balance of hardships favors Nearby Systems' ability to commercialize its own ideas and technology. The public interest in allowing Nearby Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 12,185,177

73. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

74. The USPTO duly issued U.S. Patent No. 12,185,177 (the "'177 patent") on December 31, 2024, after full and fair examination of Application No. 18/436,421, which was filed February 8, 2024, and was a continuation of Application No. 16/570,298 (which ripened into the '145 patent). A true and correct copy of the '177 patent is attached as Exhibit D.

75. The claims of the '177 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of mapping systems by, for example, combining mappable data from disparate sources onto a digital map in a mapping application and may include a second set of mappable content, found outside the mapping application, that may be transmitted to the mapping application for mapping in conjunction with any of the existing (*i.e.*, previously-displayed) mapping content.

76. The written description of the '177 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

77. Nearby Systems owns all substantial rights, interest, and title in and to the '177 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

78. Nearby Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '177 patent.

79. Adidas Defendants have directly infringed and continue to directly infringe one or more claims of the ’177 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

80. Adidas Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’177 patent, as detailed in Exhibit K (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 12,185,177).

81. For example, as detailed in Exhibit K, the Accused Products (including the Adidas App) provide Adidas Defendants’ customers a system and method for displaying map information on a mobile device (such as a smartphone or internet-enabled tablet) to obtain the data to display text and maps that present information to allow the mobile device user to identify and navigate to locations offering Adidas Defendants’ products.

82. Since at least the time of receiving the original complaint in this action, Adidas Defendants have also indirectly infringed and continue to indirectly infringe the ’177 patent by inducing others to directly infringe its claims. Adidas Defendants have induced and continue to induce customers and end-users, including, but not limited to, Adidas Defendants’ customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’177 patent by providing or requiring use of the Accused Products. Adidas Defendants have taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the ’177 patent, including, for example, claim 1. Such steps by Adidas Defendants include, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the

Accused Products in an infringing manner. Adidas Defendants are performing these steps, which constitute induced infringement with the knowledge of the ’177 patent and with the knowledge that the induced acts constitute infringement. Adidas Defendants are aware that the normal and customary use of the Accused Products by others would infringe the ’177 patent. Adidas Defendants’ inducement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

83. Adidas Defendants have also indirectly infringed and continue to indirectly infringe by contributing to the infringement of the ’177 patent. Adidas Defendants have contributed and continue to contribute to the direct infringement of the ’177 patent by their customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’177 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the ’177 patent and are not staple articles of commerce suitable for substantial non-infringing use. Adidas Defendants’ contributory infringement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

84. Adidas Defendants have had knowledge of the ’177 patent at least as of the date when they were notified of the filing of this action.

85. Furthermore, on information and belief, Adidas Defendants have a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind of Nearby Systems’ patent rights.

86. Adidas Defendants’ actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Adidas Defendants.

87. Adidas Defendants' infringement of the '177 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Nearby Systems' rights under the patent.

88. Nearby Systems has been damaged as a result of the infringing conduct by Adidas Defendants alleged above. Thus, Adidas Defendants are liable to Nearby Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

89. Nearby Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Nearby Systems has and will continue to suffer this harm by virtue of Adidas Defendants' infringement of the '177 patent. Adidas Defendants' actions have interfered with and will interfere with Nearby Systems' ability to license technology. The balance of hardships favors Nearby Systems' ability to commercialize its own ideas and technology. The public interest in allowing Nearby Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**JURY DEMAND**

Nearby Systems hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

Nearby Systems requests that the Court find in its favor and against Adidas Defendants, and that the Court grant Nearby Systems the following relief:

a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Adidas Defendants or others acting in concert therewith;

b. A permanent injunction enjoining Adidas Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the ’164 patent, the ’980 patent, the ’145 patent, and the ’177 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the ’164 patent, the ’980 patent, the ’145 patent, and the ’177 patent by such entities;

c. Judgment that Adidas Defendants account for and pay to Nearby Systems all damages to and costs incurred by it because of Adidas Defendants’ infringing activities and other conduct complained of herein;

d. Judgment that Adidas Defendants’ infringements be found willful as to the ’164 patent, the ’980 patent, the ’145 patent, and the ’177 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Adidas Defendants’ infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award Nearby Systems its reasonable attorneys’ fees and costs in accordance with 35 U.S.C. § 285;

g. That this Court enjoin Adidas Defendants’ further infringement of the ’164 patent, the ’980 patent, the ’145 patent, and the ’177 patent; and

h. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 6, 2026

Respectfully submitted,

By: */s/ Jonathan L. Hardt*

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305
Telephone: (202) 316-1591
Email: matt@rhmtrial.com

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Ave., Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

***Attorneys for Plaintiff NEARBY SYSTEMS LLC***

*Admitted to the Eastern District of Texas

**List Of Exhibits**

A. U.S. Patent No. 9,532,164
B. U.S. Patent No. 10,469,980
C. U.S. Patent No. 11,937,145
D. U.S. Patent No. 12,185,177
E. Webpage: Adidas App Available at the App Store
F. Webpage: Adidas App available on Google Play
G. Webpage: Adidas App
H. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 9,532,164
I. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 10,469,980
J. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 11,937,145
K. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 12,185,177